# George Doherty, trading as Doherty Brothers, to use of L. M. Morris, Appellant, *v.* Isabella Ross.

*Affidavit of defense—Practice, C. P.—Assignment.*

In an action upon an order given by a building contractor on an owner to pay money to the plaintiff on account of the building, where the statement avers that the order was retained, although it does not aver that it was accepted, an affidavit of defense is sufficient which denies that defendant ever had possession of the order or agreed to accept or pay the same, and avers that the contractor had sued for and recovered a judgment for the entire amount due upon the contract; that before the verdict defendant had accepted various other orders and assignments made by the contractor; and that execution attachments had been served upon her, and that she had subsequently applied the moneys due by her to the payment of these orders, assignments and attachments, and that she had no funds of the contractor in her hands.

Argued Nov. 8, 1898. Appeal, No. 154, Oct. T., 1898, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1897, No. 312, discharging rule for judgment for want of a sufficient affidavit of defense. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on an order to pay money.

Rule for judgment for want of a sufficient affidavit of defense. Before KENNEDY, P. J.

The statement of claim contains the following allegations:

The defendant, Isabella Ross, was indebted to L. M. Morris in the sum of $1,964.22, with interest from December 22, 1894.

Said indebtedness arose as follows, namely: Upon a certain order given by Doherty Bros. to Morris, to whom the said Doherty Bros. were indebted, whereby the said sum of $1,964.22, then in the hands of the said Isabella Ross, which was due and payable to the said Doherty Bros., was assigned to the said L. M. Morris, said order being as follows:

                "PITTSBURG, December 22, 1894.

"MRS. ISABELLA ROSS:

"Please pay to L. M. Morris or order the sum of $1,964.22 on account of iron work in your building on Liberty Avenue, Pittsburg, Pa.

             (Signed)      "DOHERTY BROS."

This order or assignment was duly presented to the defendant, Isabella Ross, and retained by her.

Although the said Isabella Ross was then indebted to the said Doherty Bros. in an amount sufficient to meet said order, she refused and still does refuse to honor said order or any part thereof.

The affidavit of defense set forth as follows:   ˙

1. Defendant had let a contract to Doherty Bros., to erect a certain building for her on Liberty street, Pittsburg, Pa., a part of the work and materials for which said contractors, Doherty Bros., sublet to the use of plaintiff.  Doherty Bros. gave plaintiff an order as above set forth, requesting her to pay the plaintiff the sum of $1,964.22, and that this order was presented to her by plaintiff, but was never in her possession, and she never agreed to accept or pay the same.  Defendant then claimed that she owed Doherty Bros. nothing by reason of certain facts set forth in a suit which was subsequently brought against her by Doherty Bros. at No. 224, June term, 1895.  Said last mentioned suit was so proceeded with that Doherty Bros., with the knowledge of the plaintiff, sued for and recovered the entire amount due on their contract with defendant, recovering a verdict of $6,967.  After notice of plaintiff's assignment, but before the recovery of the verdict against her by Doherty Bros. in the above suit, she had accepted various other orders and assignments made by Doherty Bros., and in that interval various execution attachments had been served upon her, and that she had subsequently applied the money recovered by Doherty Bros. to the payment of these orders, assignments and attachments, and therefore alleges that she had no funds of Doherty Bros. in her hands, nor did she owe them any money applicable to the plaintiff's order.

The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*S. B. Schoyer*, with him *S. Schoyer, Jr.*, and *William Kaufman*, for appellant.—The order in this case contains all the elements necessary to constitute an equitable assignment: Clemson v. Davidson, 5 Binn. 398; Ruple v. Bindley, 91 Pa. 297.

The assignment is not invalid as being a partial assignment,

it is firmly settled in this state that assignments of parts of a fund are good: Caldwell v. Hartupee, 70 Pa. 74; Mandeville v. Welch, 5 Wheat. 277; Lumber & Mfg. Co. v. Marsh, 91 Pa. 96; Beaumont v. Lane, 3 Pa. Superior Ct. 73; Oakes v. Oram, 43 Leg. Int. 520; Field v. City of N. Y., 6 N. Y. 179.

This assignment is not within the Act of May 10, 1881, P. L. 17, which provides that no person shall be charged as acceptor of a bill of exchange, draft or order for the payment of money unless the acceptance be in writing and signed by the person to be charged: Ulrich v. Hower, 156 Pa. 419; Com. v. Ins. Co., 162 Pa. 590; Nesmith v. Drum, 8 W. & S. 9; Trumbower v. Ivey & Rapp, 2 Pa. C. C. R. 470.

*W. F. McCook* and *J. H. Beal,* for appellee, were not heard, but argued in their printed brief: The order given by Doherty Bros. to Morris does not amount to an equitable assignment.

The order is not drawn for the whole of any fund in Mrs. Ross's hands, and being, therefore, a mere partial order it does not amount to an equitable assignment: Jermyn v. Moffitt, 75 Pa. 399; Geist's App., 104 Pa. 354; Gibson v. Cooke, 20 Pick. (Mass.) 15; Palmer v. Merrill, 6 Cushing, 287; Bank v. Gish, 72 Pa. 13; Hopkins v. Beebe, 26 Pa. 85; Jordan's App., 10 W. N. C. 37; Fairgrieves v. Lehigh Nav. Co., 2 Phila. 182; Hopkins v. Stockdale, 117 Pa. 365; Ryall v. Rowles, 2 Lead. Cas. in Eq. part 2, p. 1642.

The Act of May 10, 1881, P. L. 17, is a bar to a recovery by the plaintiff: Maginn v. Bank, 131 Pa. 362.

In any event, the court below was right in discharging the rule for judgment: McCaffery v. Cassidy, 3 Phila. 210.

PER CURIAM, January 3, 1899:

This is an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense. In view of the matters contained in the affidavit of defense, and of the various questions which are raised thereby, we would deem it serious error to make the rule absolute. The plaintiff will have ample opportunity to present his views to the court and jury on the trial.

Order affirmed and appeal dismissed at the cost of the appellant.